IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIGHT FIELD ROOFTOPS, LLC, d/b/a SKYBOX ON SHEFFIELD; RIGHT FIELD PROPERTIES, LLC; 3633 ROOFTOP MANAGEMENT, LLC, d/b/a LAKEVIEW BASEBALL CLUB; and ROOFTOP ACQUISITION, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO BASEBALL HOLDINGS, LLC; CHICAGO CUBS BASEBALL CLUB, LLC; WRIGLEY FIELD HOLDINGS, LLC; and THOMAS S. RICKETTS, <br><br> Defendants. | Case No. 15cv551 <br><br> Hon. Virginia M. Kendall <br><br> Magistrate Judge Michael T. Mason |

## DECLARATION OF CHRIS BUE

1. I have personal knowledge of the contents of this Declaration, and if called I am competent to testify on the matters set forth herein.

2. I have a Master of Business Administration from the University of Minnesota Carlson School of Management.

3. I am engaged as an independent contractor to provide management consulting, bookkeeping, and other professional services typically associated with that of a controller, to Right Field Rooftops, LLC d/b/a Skybox on Sheffield ("Skybox"), and 3633 Rooftop Management, LLC d/b/a Lakeview Baseball Club ("Lakeview").

4. In that capacity, I am familiar with the books, records and other financial aspects of both Skybox and Lakeview.

5. Skybox and Lakeview both utilize a computer software package known as QuickBooks to maintain their financial records. I am responsible for inputting all financial data into QuickBooks for Skybox and Lakeview.

6. Attached hereto as Exhibit 1 is a true and correct copy of Skybox's Profit and Loss Statement for January through December, 2014. The information in Exhibit 1 truly and accurately reflects Skybox's finances as set forth therein.

7. Skybox's only significant source of revenue is derived from the sale of "tickets" (and the collection of amusement taxes associated therewith) to watch live cubs games, concerts and other events as they take place inside Wrigley Field, from the bleachers constructed on Skybox's rooftop. This revenue is identified as "Ticket Sales" and "Concert Ticket Sales" on the first page of Exhibit 1.

8. The "Cost of Goods Sold" section of Exhibit 1 relates primarily to expenses associated with operating the rooftop business during events for which tickets were sold. Therefore, if Skybox is no longer operating as a rooftop business, most of the Cost of Goods Sold costs will be eliminated.

9. Skybox does, however, have certain fixed costs which are not dependent upon whether rooftop events are taking place.

10. One example of such fixed costs that are not dependent on rooftop activity is in the line item called "Rent" on page 2 of Exhibit 1.

11. The "Rent" line item consists of three separate expenses: (i) a fixed monthly first mortgage payment in the amount of $17,477.97; (ii) a fixed monthly second mortgage payment in the amount of $35,000.00; and (iii) real estate taxes. This is an annualized amount of $651,286.10 or an average of $54,273.84 per month inclusive of real estate taxes. January and

August, 2014 "Rent" payments were atypical because the second mortgage was paid either the preceding or following month.

12. As of February 26, 2015, Skybox's first mortgage loan balance was $2,813,251.19. As of February 1, 2015, Skybox's second mortgage loan balance was $3,050,000.00.

13. As of February 25, 2015, Skybox had $141,030.57 cash on-hand.

14. As of February 26, 2015, Skybox had $162,918.31 in accounts payable.

15. If the proposed right field video board is installed at Wrigley Field, Skybox will have no revenue, and will be unable to pay its fixed mortgage and real estate expenses immediately thereafter.

16. If the proposed right field video board is installed at Wrigley Field, Skybox will be insolvent in that it will be unable to pay debts as they become due in the ordinary course of business.

17. Attached hereto as Exhibit 2 is a true and correct copy of Lakeview's Profit and Loss Statement for January through December, 2014. The information in Exhibit 2 truly and accurately reflects Lakeview's finances as set forth therein.

18. Lakeview's only significant source of revenue is derived from the sale of "tickets" (and the collection of amusement taxes associated therewith) to watch live cubs games, concerts and other events as they take place inside Wrigley Field, from the bleachers constructed on Lakeview's rooftop. This revenue is identified as "Ticket Sales" and "Concert Ticket Sales" on the first page of Exhibit 2.

19. The "Cost of Goods Sold" section of Exhibit 2 relates primarily to expenses associated with operating the rooftop business during events for which tickets were sold.

Therefore, if Lakeview is no longer operating as a rooftop business, most of the Cost of Goods Sold costs will be eliminated.

20. Lakeview does, however, have certain fixed costs which are not dependent upon whether rooftop events are taking place.

21. One example of such fixed costs that are not dependent on rooftop activity is in the line item called "Rent" on page 2 of Exhibit 2.

22. The "Rent" line item consists of two separate expenses: (i) a fixed monthly mortgage payment in the amount of $14,166.66; and (ii) real estate taxes. This is an annualized amount of $250,514.97 or an average of $20,876.25 per month inclusive of real estate taxes. The February, 2014 "Rent" payment was atypical because that mortgage payment was made the following month.

23. As of February 26, 2015, Lakeview's mortgage loan balance was $4,250,000.00.

24. As of February 25, 2015, Lakeview had $49,307.78 cash on-hand.

25. As of February 26, 2015, Skybox had $144,062.12 in accounts payable.

26. If the proposed right field video board is installed at Wrigley Field, Lakeview will have no revenue, and will be unable to pay its fixed mortgage and real estate expenses immediately thereafter.

27. If the proposed right field video board is installed at Wrigley Field, Lakeview will be insolvent in that it will be unable to pay debts as they become due in the ordinary course of business.

I, Chris Bue, declare under penalty of perjury that the foregoing is true and correct.

Executed on February 27, 2015

_____
Chris Bue